IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LAJONTA O'NEAL,<br>TDCJ No. 1965752,<br><br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:18-cv-00034-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner LaJonta O'Neal's Petition for Writ of Habeas Corpus (ECF No. 1), filed March 19, 2018. This case was referred to the undersigned pursuant to Special Order No. 3 on March 19, 2018. ECF No. 2. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

### BACKGROUND

Petitioner LaJonta O'Neal ("O'Neal") is a prisoner confined in the Allred Unit in Iowa Park, Texas. ECF No. 1 at 1. He alleges that prison staff falsely wrote him an "out of place" disciplinary charge for not going to the pill window. *Id.* at 6. As a result of this disciplinary charge, he lost forty-five days of recreation, forty-five days of commissary, and forty-five days of access to the offender telephone system. *Id.* at 2. The prison also reduced his classification from Line 2 to Line 3. *Id.* He did not lose any good-time credits. ECF No. 5 at 2. O'Neal filed Step 1 and Step 2 grievances. ECF No. 1 at 5.

## ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The pleadings plainly show that O'Neal is not entitled to relief under § 2254 because he has not lost a liberty interest and thus cannot recover under the federal habeas statute.

A prisoner can only obtain federal habeas relief under § 2254 if the prisoner alleges that "he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (quoting *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Texas state prisoners who allege that they were improperly denied good-time credit that would have allowed them an earlier release from prison can obtain relief under § 2254. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). Temporary restrictions do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997) (holding that cell restrictions and loss of commissary privileges do not implicate due process concerns); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (affirming dismissal of a habeas claim for loss of custodial classification).

O'Neal has alleged that he had his classification reduced and that he temporarily lost recreation, commissary, and phone privileges. ECF Nos. 1 and 5. However, he did not lose good-time credits or anything else that would effect an earlier release from prison. *See id.* As a result, he has not been deprived of a constitutional right and cannot obtain relief under § 2254.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 12, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE